UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLOCDAHL LEASING, LLC,

    Plaintiff,

v.                                            Case No.:  2:23-cv-776-SPC-KCD

AMERICAN STRATEGIC
INSURANCE CORP.,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant American Strategic Insurance Corp's Motion for Summary Judgment. (Doc. 31). Plaintiff Blocdahl Leasing, LLC filed a response in opposition (Doc. 32), and Defendant replied (Doc. 34). The motion is now ripe for review. For the following reasons, the Court grants Defendant's motion for summary judgment.

## BACKGROUND

This breach of insurance contract action arises from flood damages Plaintiff's property sustained during Hurricane Ian. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiff a Standard Flood Insurance Policy

("SFIP") effective during the time of loss with coverage up to $250,000.[1] After Hurricane Ian flooded its property, Plaintiff reported the loss to Defendant. Defendant acknowledged the flood claim and assigned an independent adjuster.

After an investigation, the adjuster determined Plaintiff was entitled to $18,628.55 and issued a proof of loss reflecting same. (Doc. 32-1). Plaintiff did not sign the proof of loss. Given some lingering concerns, the adjuster requested an engineer inspection. Consistent with the adjuster's request, Defendant retained an engineering firm. In the meantime, Defendant exercised its option to accept the adjuster's report instead of a signed proof of loss and issued Plaintiff $18,628.55.[2] (Doc. 31-7). After reviewing the engineer's report, the adjuster prepared a Request for Additional Payment along with a supplemental estimate and proof of loss outlining additional damages of $75,754.46. (Doc. 32-3). Plaintiff did not sign this proof of loss either. Even so, Defendant accepted the adjuster's report and issued an additional payment in the recommended amount. In total, Defendant paid Plaintiff $94,383.01 in flood insurance proceeds.

---

[1] There are two properties at issue in this case. However, Defendant has issued the policy limits for the other property, so that claim has been resolved.

[2] This payment was actually $13,628.55 because Defendant deducted a $5,000 advance provided to Plaintiff. Either way, Plaintiff was paid the full $18,628.55 outlined in the adjuster's report.

2

Plaintiff was dissatisfied with the issued amount, so it filed suit. That same day, it retained its own adjusting firm—Parrot Key—to prepare an estimate. (Doc. 32-4). The report (which was completed over a year after the date of loss) included an estimate that well exceeded the policy limits. Plaintiff submitted this estimate to Defendant as well as bills and receipts incurred from repairs to the property, which total over $655,000. These submissions, however, were unaccompanied by a signed proof of loss.

In moving for summary judgment, Defendant argues that Plaintiff is barred from receiving additional policy benefits because it failed to submit a signed proof of loss. (Doc. 31). Plaintiff responds that it did not need to submit a signed proof of loss because this requirement was waived. (Doc. 32).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show a lack of genuinely disputed material fact. *Clark v. Coats & Clark,* 929 F.2d 604, 608 (11th Cir.

3

1991). If carried, the burden shifts to the nonmoving party to point out a genuine dispute. *Id.* At this stage, a court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

## DISCUSSION

The sole issue before the Court is whether Plaintiff needed to submit a signed proof of loss to collect additional benefits under the SFIP policy. Although the adjuster timely submitted two proof of loss forms on Plaintiff's behalf, it is undisputed that Plaintiff, as the policyholder, never signed them. "Satisfaction of the proof of loss requirement is a condition precedent to recovery under a SFIP, which must be strictly construed." *Greer v. Owners Ins.*, 434 F. Supp. 2d 1267, 1276 (N.D. Fla. 2006) (citations omitted). "An insured must completely satisfy the proof of loss requirement, *including the requirement that the statement is signed and sworn*, before an insured can receive benefits under a SFIP." *Id.* (emphasis added). That said, "the Proof of Loss requirement may be waived, but to be effective, the waiver must be made by the Federal Insurance Administrator in writing." *Slater v. Hartford Ins. of Midwest*, 26 F. Supp. 3d 1239, 1249 (M.D. Fla. 2014); 44 C.F.R. Pt. 61, App. A(1), art. VII.D; 44 C.F.R. § 61.13(d). Plaintiff argues a waiver occurred here.

To demonstrate waiver of the proof of loss requirement, Plaintiff cites FEMA Bulletin W-22012, which was issued on October 6, 2022. In the

4

Bulletin, FEMA authorized NFIP insurers to evaluate and pay claims based on an unsigned adjuster's report rather than a proof of loss.[3] Specifically, it states:

> Pursuant to my authority under the [SFIP] and FEMA's regulations, NFIP insurers must exercise the option to accept their adjuster's report to evaluate and pay a claim instead of a signed proof of loss.

FEMA Bulletin W-22012. Citing this language, Plaintiff argues that a proof of loss was not required because the insurer *must* accept its adjuster's report instead. Not quite. If Plaintiff had continued reading, the Bulletin explains:

> A policyholder may[4] still submit a signed proof of loss when they disagree with the adjuster's report. When this occurs, the policyholder **must provide their NFIP insurer with a signed proof of loss** with supporting documentation, such as a contractor's estimate, bills, receipts, photographs, and other related documents.

*Id.* (emphasis added). In other words, when the policyholder contests the insurer-retained adjuster's report, it must submit a signed proof of loss. *See Shuford v. Fid. Nat. Prop. & Cas. Ins.*, 508 F.3d 1337, 1342 (11th Cir. 2007) ("The waiver dispenses with the need for a proof of loss when the adjuster's report is uncontested, but later language in the waiver establishes that a proof of loss is necessary for a contested claim."). This is where Plaintiff's waiver argument crumbles.

---

[3] The Bulletin also extended the proof-of-loss deadline from 60 days after the loss to 365 days.

[4] Usage of "may" does not suggest a policyholder has the option to submit a proof of loss when contesting the adjuster's report. Rather, it "means that the policyholder had a choice whether to challenge the insurer's decision, not that filing the proof of loss was optional." *Shuford v. Fid. Nat. Prop. & Cas. Ins.*, 508 F.3d 1337, 1343 (11th Cir. 2007).

Defendant complied with the Bulletin's requirement. Its retained adjuster provided two reports: one with an estimate around $18,000 and another for roughly $75,000. Defendant accepted these reports and paid the full amount. Unsatisfied, Plaintiff filed suit and submitted its own estimate. Because it disputed the adjuster's reports, Plaintiff was required to provide the insurer with a signed proof of loss. *See id.* But it failed to do so. Although Plaintiff (through the adjuster) submitted two proof of loss forms, neither was signed. This failure precludes Plaintiff from receiving benefits under the SFIP policy. *See Greer*, 434 F. Supp. 2d at 1277 ("It is axiomatic that an insured must fully and strictly satisfy the proof of loss requirement, including the requirement that the statement be signed and sworn.").

In another unconvincing attempt to save its claim, Plaintiff cites FEMA Flood Insurance Appeal Decision #D10. (Doc. 32-6). In the decision, the agency lists what documentation must be submitted to the insurer when a policyholder requests additional payment. Absent from this list is a signed proof of loss. In Plaintiff's view, this means that when a claimant initially submits a proof of loss, it is not required to again do so when a dispute over additional payments exists. The clear problem with this argument is that it presupposes Plaintiff properly submitted its initial proof of loss. It did not. So the Court easily rejects this argument.

The argument is rejected for another reason. The losses identified in the two submitted proof of loss forms were paid in full. Now, Plaintiff seeks benefits for losses beyond those already identified and covered. As such, it needed to submit a new proof of loss outlining the new amounts. *See Smith-Pierre v. Fid. Nat. Indem. Ins.*, No. 11-60298-CIV, 2011 WL 3924178, at *3 (S.D. Fla. Sept. 7, 2011) ("Plaintiff's original proof of loss cannot fulfill his obligation to submit a proof of loss for amounts not covered by the original proof of loss."); *Clement v. Wright Nat'l Flood Ins. Co.*, 587 F. Supp. 3d 1129, 1133 (N.D. Ala. 2022). Even the supplemental estimate from Parrot Key is insufficient. *See Barros v. Wright Nat'l Flood Ins.*, No. 19-21130-CIV, 2019 WL 7344832, at *4 (S.D. Fla. Nov. 26, 2019) (granting summary judgment for NFIP insurer when the plaintiffs submitted a supplemental estimate but did not submit a supplemental Proof of Loss for amounts not covered by the original proof of loss). So if Plaintiff had signed the submitted proof of loss forms, it still would not be entitled to benefits beyond those already issued.[5]

The proof of loss requirements must be strictly construed. *See Sanz v. U.S. Sec. Ins.*, 328 F.3d 1314, 1318 (11th Cir. 2003) ("[N]ot even the

---

[5] The Affidavit of Angie Dahl, one of Plaintiff's partners, protests that "[a]t no time was a signed proof of loss requested as we were told a signature was not required." (Doc. 32-8 ¶ 16). But Plaintiff did not brief this issue. "Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1243 (S.D. Fla. 2023). Plus, even assuming Dahl's assertion is true, it is doubtful it would help Plaintiff's cause. *See Sanz v. U.S. Sec. Ins.*, 328 F.3d 1314, 1320 (11th Cir. 2003).

temptations of a hard case should cause courts to read the requirements of a federal insurance contract with 'charitable laxity.'"). Because Plaintiff failed to submit a signed proof of loss, Defendant is entitled to summary judgment.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 31) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 23, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8